UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| In re MARK L. DUBOIS; DONNA D. DUBOIS,<br><br>　　　　　　　　　Debtors.<br><br>TED SPICE<br><br>　　　　　　　　　Appellant,<br><br>　　v.<br><br>MARK L. DUBOIS, et. al.,<br><br>　　　　　　　　　Appellees. | CASE NO. 21-0385 RJB<br><br>BAP NO. 21-1048<br><br>Bk. No. 13-46104 BDL<br><br>Adv. Proc. No. 17-04010 BDL<br><br><br>ORDER ON MOTION FOR RECUSAL AND RENOTING MOTIONS |

　　This matter comes before the Court on the Appellant Ted Spice's "Notice of Conflict 28 U.S.C. [§] 158" (Dkt. 9) which should be construed as a both a motion for the undersigned to recuse and a motion to certify this appeal for consideration by the Ninth Circuit Court of Appeals, Spice's Motion to Permit Extension of Appeal Deadline (Dkt. 1-2), Spice's Motion to Dismiss (Dkt. 1-3), and Spice's Motion for Extension of Time (Dkt. 7). The Court has considered the pleadings filed regarding the motions and the remaining record.

- 1

In this case, Ted Spice appeals the U.S. Bankruptcy Court's decision to dismiss Spice's counterclaims, asserted against the Chapter 7 Bankruptcy Trustee, Brian L. Budsburg, assigned to *In re Dubois,* U.S. Bankruptcy Court for the Western District of Washington, case number 13-46104BLD, and his law firm, Budsburg Law Group PLLC's. Dkt. 1-1. (Mr. Spice filed a proof of claim in the bankruptcy of Mark Dubois and Donna Dubois. *Id.*) Mr. Spice now moves the district court judges in this district, and in particular, the undersigned, to voluntarily recuse from this case and to certify this appeal to the Ninth Circuit Court of Appeals. Dkt. 9. For the reasons provided below, the undersigned will decline to voluntarily recuse, and will refer the recusal question to the chief judge, will renote the motion to certify the appeal to the Ninth Circuit Court of Appeals, and renote all pending motions.

## Motion to Recuse

The Plaintiff refers to 28 U.S.C. § 144 in his motion. Under 28 U.S.C. § 144,

> Whenever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding.
>
> The affidavit shall state the facts and the reasons for the belief that bias or prejudice exists, and shall be filed not less than ten days before the beginning of the term at which the proceeding is to be heard, or good cause shall be shown for failure to file it within such time. A party may file only one such affidavit in any case. It shall be accompanied by a certificate of counsel of record stating that it is made in good faith.

Additionally, pursuant to 28 U.S.C. § 455(a), "[a]ny justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned."

The undersigned will not voluntarily recuse from this case. Mr. Spice's motion for recusal (Dkt. 9) should be denied. The Plaintiff has made no showing that the undersigned,

ORDER ON MOTION FOR RECUSAL AND RENOTING MOTIONS - 2

before whom this matter is pending, has a bias or prejudice against him, or favoritism towards the Defendants, and none exists. He makes no showing that the undersigned's "impartiality might reasonably be questioned."

The Plaintiff argues that the undersigned's Order on Motions to Dismiss and Various Other Motions, in *Spice v. Internal Revenue Service, et. al.,* Western District of Washington Case number 20-5005-RJB, Dkt. 47 (which dismissed his claims against Trustee Budsberg, the Budsburg Law Group, PLLC, and the debtors Mark and Donna Dubois and ordering sanctions against Mr. Spice and one of his lawyers) demonstrates that the undersigned has bias or prejudice against him. That order is attached for ease of reference. The Plaintiff fails to point to sufficient grounds for the undersigned to recuse voluntarily based on this or other ruling in any of his cases. "Judicial rulings alone almost never constitute a valid basis for a bias or partiality motion." *Liteky v. United States*, 510 U.S. 540, 555 (1994).

The Court should decline to recuse voluntarily and should refer the motion for recusal to Chief Judge Ricardo S. Martinez, pursuant to Western District of Washington Civil Rule of Procedure ("Local Rule") 3(e), which provides:

> Whenever a motion to recuse directed at a judge of this court is filed pursuant to 28 U.S.C. § 144 or 28 U.S.C. § 455, the challenged judge will review the motion papers and decide whether to recuse voluntarily. If the challenged judge decides not to voluntarily recuse, he or she will direct the clerk to refer the motion to the chief judge, or the chief judge's designee. If the motion is directed at the chief judge, or if the chief judge or the chief judge's designee is unavailable, the clerk shall refer it to the active judge with the highest seniority.

**Motion to Certify Appeal to Ninth Circuit Court of Appeals and Other Motions**

In his motion, the Plaintiff refers to 28 U.S.C. § 158(d)(2)(A)(ii). Under 28 U.S.C. § 158(d)(2)(A)(ii), courts of appeals have jurisdiction over bankruptcy court "judgment[s], order[s], or decree[s]" when "the bankruptcy court, the district court, or the bankruptcy appellate

ORDER ON MOTION FOR RECUSAL AND RENOTING MOTIONS - 3

panel involved, acting on its own motion or on the request of a party . . . or all the appellants and appellees (if any) acting jointly, certify that . . . the judgment, order, or decree involves a question of law requiring resolution of conflicting decisions. . ." The court of appeals must also authorize the direct appeal. *Id.*

The motion to certify this appeal to the Ninth Circuit Court of Appeals (Dkt. 9) should be renoted for consideration for June 18, 2021 and in any event, no earlier than the day after Chief Judge Martinez makes his decision on the motion to recuse.

Similarly, Spice's Motion to Permit Extension of Appeal Deadline (Dkt. 1-2), Spice's Motion to Dismiss (Dkt. 1-3), and Spice's Motion for Extension of Time (Dkt. 7) should be renoted for June 18, 2021, and in any event, no earlier than the day after Chief Judge Martinez makes his decision on the motion to recuse.

## **ORDER**

Therefore, it is hereby **ORDERED** that:

- To the extent that Appellant Ted Spice's "Notice of Conflict 28 U.S.C. [§] 158" is a motion for the undersigned to recuse, it (Dkt. 9) **IS DENIED**; and **IS REFERRED** to Chief Judge Ricardo S. Martinez pursuant to Local Rule 3(e); and

- To the extent that Spice's "Notice of Conflict 28 U.S.C. [§] 158" is a motion to certify the appeal to the Ninth Circuit Court of Appeals, it (Dkt. 9) and Spice's Motion to Permit Extension of Appeal Deadline (Dkt. 1-2), Spice's Motion to Dismiss (Dkt. 1-3), and Spice's Motion for Extension of Time (Dkt. 7) **ARE RENOTED** for **June 18, 2021**, and in any event, no earlier than the day after Chief Judge Martinez makes his decision on the motion to recuse.

The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing *pro se* at said party's last known address.

Dated this 7th day of June, 2021.

*[signature]*

ROBERT J. BRYAN
United States District Judge