UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| TED SPICE,<br><br>　　　　　Appellant,<br><br>　　v.<br><br>MARK L. DUBOIS, et al.,<br><br>　　　　　Appellees. | CASE NO. C21-0385-RJB<br><br>ORDER ON REVIEW OF MOTIONS FOR RECUSAL |

 This matter is before the Court on Appellant Ted Spice's Motions seeking recusal. Dkts. #9 and #17. Judge Bryan reviewed these Motions, interpreted them in part as motions to recuse, declined to recuse, and in accordance with this Court's Local Civil Rules, referred this matter to the undersigned for review. Dkts. #16 and #18; LCR 3(f).

 A judge of the United States shall disqualify himself in any proceeding in which his impartiality "might reasonably be questioned." 28 U.S.C. § 455(a). Federal judges also shall disqualify themselves in circumstances where they have a personal bias or prejudice concerning a party or personal knowledge of disputed evidentiary facts concerning the proceeding. 28 U.S.C. § 455(b)(1). Pursuant to 28 U.S.C. § 144, "whenever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the

matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding." "[A] judge's prior adverse ruling is not sufficient cause for recusal." *United States v. Studley*, 783 F.2d 934, 939 (9th Cir. 1986); *see also Taylor v. Regents of Univ. of Cal.*, 993 F.2d 710, 712 (9th Cir. 1993) ("To warrant recusal, judicial bias must stem from an extrajudicial source.").

The Court has reviewed the above Motions and finds that Mr. Spice has failed to demonstrate bias stemming from an extrajudicial source. Instead, Mr. Spice focuses solely on prior adverse rulings from Judge Bryan and argues that bias exists here because Judge Bryan can rely on his own prior decisions. It is not unusual for a case to be reassigned to another judge who has a related case in order to conserve judicial resources, as was done here on June 4, 2021. *See* Dkt. #15. Reliance on prior, valid holdings in a case or from related cases is perfectly acceptable and indeed fundamental to our legal system. Such is not sufficient cause for recusal. Mr. Spice's other frustrations with the rules surrounding bankruptcy appeals is not a valid basis for recusal.

Mr. Spice has otherwise failed to present a reasonable basis to question Judge Bryan's impartiality. Accordingly, the Court finds and ORDERS that Judge Bryan's Orders (Dkts. #16 and #18) declining to recuse himself are AFFIRMED.

DATED this 14th day of June, 2021.

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE